CLOSED

# U.S. District Court
## District of South Carolina (Columbia)
### CRIMINAL DOCKET FOR CASE #: 3:05-cr-00659-MJP All Defendants

PT 07-346-TFH

Case title: USA v. Harper
Magistrate judge case number: 3:05-mj-00643-MCRI

Date Filed: 06/27/2005
Date Terminated: 09/13/2005

Assigned to: Honorable Matthew J Perry, Jr

FILED

JAN 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Defendant**

**Orlando L Harper** (1)
*TERMINATED: 09/13/2005*

represented by **John Herman Hare**
Federal Public Defender's Office
1901 Assembly Street
Suite 200
Columbia, SC 29201
803-765-5070
Fax: 803-765-5084
Email: john_hare@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**

UTTER FORGED AND
COUNTERFEIT SECURITY
(1)

**Disposition**

sentencing the defendant to the custody
of the bureau of prisions for a total term
of 15 months which consists of 15
months as to CR 05-497 and 15 months
as to CR 05-659 to run concurrently with
the recommendation that the defendant
participate in the Intensive Drug
Treatment Program while incarcerated,
remanding the defendant to the marshal,
Supervised release for a total term of 3
years which consists of 3 years as to CR
05-497 and 3 years as to CR 05-659 to
run concurrently with the special
condition that the defendant participate
in a substance abuse treatment program
to include drug testing as approved by
probation, the defendant shall not posses

01/10/2007 12:01 PM

a firearm, the $100.00 special assessment is waived

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                 **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                        **Disposition**

18:513 knowingly possessed and
attempted to pass a counterfeit
commercial check with intent to defraud
and use a means of identification of
another with intent to commit the
unlawful activity

**Plaintiff**

**USA**                          represented by **Marshall Prince**
                                               US Attorneys Office
                                               1441 Main Street
                                               Suite 500
                                               Columbia, SC 29201
                                               803-929-3000
                                               Fax: 803-254-2943
                                               Email: marshall.prince@usdoj.gov
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 06/16/2005 |   | Arrest of Orlando Luwilliam Harper (ttil, ) [3:05-mj-00643-MCRI] (Entered: 06/20/2005) |
| 06/17/2005 | 1 | COMPLAINT as to Orlando Luwilliam Harper (1). (ttil, ) [3:05-mj-00643-MCRI] (Entered: 06/20/2005) |
| 06/17/2005 | 2 | Arrest Warrant Issued in case as to Orlando Luwilliam Harper. (ttil, ) [3:05-mj-00643-MCRI] (Entered: 06/20/2005) |

| | | |
|---|---|---|
| 06/17/2005 | 3 | Minute Entry for proceedings held before Judge Joseph R McCrorey :Initial Appearance as to Orlando Luwilliam Harper held on 6/17/2005, FPD appointed, court revokes bond in companion case (C/R 3:05-497) and orders defendant detained in this case, preliminary hearing set for 6/24/05 at 9:30 a.m. Court Reporter Courtsmart.CJA Time 2:25-2:55. (ttil, ) [3:05-mj-00643-MCRI] (Entered: 06/20/2005) |
| 06/17/2005 | 4 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER John Herman Hare for Orlando Luwilliam Harper . Signed by Judge Joseph R McCrorey on 06/17/05. (ttil, ) [3:05-mj-00643-MCRI] (Entered: 06/20/2005) |
| 06/17/2005 | 5 | ORDER OF DETENTION PENDING TRIAL as to Orlando Luwilliam Harper . Signed by Judge Joseph R McCrorey on 06/17/05. (ttil, ) [3:05-mj-00643-MCRI] (Entered: 06/20/2005) |
| 06/17/2005 | 6 | NOTICE OF HEARING as to Orlando Luwilliam Harper Preliminary Examination set for 6/24/2005 09:30 AM in Columbia # 8, Matthew J. Perry Court House, 901 Richland St, Columbia before Magistrate Judge Joseph R McCrorey. (ttil, ) [3:05-mj-00643-MCRI] (Entered: 06/20/2005) |
| 06/24/2005 | 7 | WAIVER of Preliminary Examination or Hearing by Orlando Luwilliam Harper (Hare, John) [3:05-mj-00643-MCRI] (Entered: 06/24/2005) |
| 06/24/2005 | 8 | NOTICE OF CANCELLATION OF HEARING: Preliminary Hearing scheduled 6/24/05 at 9:30 a.m. as to Orlando Luwilliam Harper (ttil, ) [3:05-mj-00643-MCRI] (Entered: 06/24/2005) |
| 06/27/2005 | 9 | INFORMATION as to Orlando Luwilliam Harper (1) count(s) 1. (jada, ) (Entered: 06/27/2005) |
| 06/27/2005 | 11 | PLEA AGREEMENT as to Orlando Luwilliam Harper (jada, ) (Entered: 06/28/2005) |
| 06/27/2005 | 12 | WAIVER OF INDICTMENT by Orlando Luwilliam Harper (jada, ) (Entered: 06/28/2005) |
| 06/27/2005 | 13 | Minute Entry for proceedings held before Judge Matthew J Perry Jr:Change of Plea Hearing as to Orlando Luwilliam Harper held on 6/27/2005 Plea Agreement accepted Orlando Luwilliam Harper (1) Guilty Count 1. Court Reporter Dan Mayo. (jada, ) (Entered: 06/28/2005) |
| 06/27/2005 | 14 | Guilty PLEA ENTERED as to Orlando Luwilliam Harper (jada, ) (Entered: 06/28/2005) |
| 06/28/2005 | 15 | NOTICE OF HEARING as to Orlando Luwilliam Harper Sentencing set for 9/20/2005 11:30 AM in Columbia # 3, Matthew J. Perry Court House, 901 Richland St, Columbia before Honorable Matthew J Perry Jr. (jada, ) (Entered: 06/28/2005) |
| 07/27/2005 | 17 | NOTICE OF HEARING as to Orlando Luwilliam Harper Sentencing set for 9/7/2005 09:30 AM in Columbia # 3, Matthew J. Perry Court House, 901 Richland St, Columbia before Honorable Matthew J Perry Jr. **THIS RESCHEDULES THE HEARING FROM 9/20/05 AT 11:30*** (jada, ) |

(Entered: 07/27/2005)

08/16/2005   ENTRY DELETED as to Orlando Luwilliam Harper 18. Reason Deleted: Error. (cram) (Entered: 08/16/2005)

08/30/2005  18 NOTICE OF HEARING as to Orlando Luwilliam Harper Sentencing set for 9/7/2005 04:00 PM in Columbia # 3, Matthew J. Perry Court House, 901 Richland St, Columbia before Honorable Matthew J Perry Jr. ***PLEASE NOTE - THIS NOTICE CHANGES THE TIME ONLY FROM 9:30 AM TO 4:00 PM ****(jada, ) (Entered: 08/30/2005)

09/07/2005  19 Minute Entry for proceedings held before Judge Matthew J Perry Jr:Sentencing held on 9/7/2005 as to Orlando Luwilliam Harper Court Reporter Dan Mayo. (jada, ) (Entered: 09/08/2005)

09/13/2005  20 JUDGMENT Sentence Date: 9/7/05 as to Orlando L Harper (1), Count(s) 1, sentencing the defendant to the custody of the bureau of prisons for a total term of 15 months which consists of 15 months as to CR 05-497 and 15 months as to CR 05-659 to run concurrently with the recommendation that the defendant participate in the Intensive Drug Treatment Program while incarcerated, remanding the defendant to the marshal, Supervised release for a total term of 3 years which consists of 3 years as to CR 05-497 and 3 years as to CR 05-659 to run concurrently, along with the special condition that the defendant participate in a substance abuse treatment program to include drug testing as approved by probation, the defendant shall not posses a firearm, the $100.00 special assessment is waived . Signed by Judge Matthew J Perry Jr on 9/12/05. (jada, ) (Entered: 09/13/2005)

01/09/2007  22 Probation Jurisdiction Transferred to USDC for the District of Columbia as to Orlando L Harper Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (jada, ) (Entered: 01/10/2007)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 01/10/2007 12:00:58 | | | |
| PACER Login: | us3871 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:05-cr-00659-MJP |
| Billable Pages: | 3 | Cost: | 0.24 |

AO 91 (Rev. 5/85)  Criminal Complaint                                    This form was electronically produced via OmniForm

# United States District Court

_____  DISTRICT OF  _____

UNITED STATES OF AMERICA

V.

**Orlando Luwilliam Harper**                    **CRIMINAL COMPLAINT**

CASE NUMBER:  3:05- 643

(Name and Address of Defendant)

I, the undersigned complainant  being duly sworn  state the following is true and correct to the best of my knowledge and

belief. On or about     **06/16/05**     in     **RICHLAND COUNTY**     county, in the     **Federal**     District

of     **South Carolina**     , defendant(s) did, (Trace Statutory Language of Offense)

**knowingly possessed and attempted to pass a counterfeit commercial check with the intent to defraud an
organization and use a means of identification of another with the intent to commit the unlawful activity.**

in violation of Title     **18**     , United States Code, Section(s) **513(a)(b), 1028(7)**                          .

I further state that I am a(n)     **Special Agent, USSS**     and that this complaint is based on the following facts:
                                    Official Title

**See Attached Affidavit.**

Continued on the attached Sheet and made a part hereof:        ☒ Yes  ☐ No

                                                        _____
                                                        Signature of Complainant

Sworn before me and subscribed in my presence,

_____        at     Columbia, SC
Date                                           _____
                                               City and State

JOSEPH R. McCRORY, U. S. MAGISTRATE JUDGE

_____        _____
Name and Title of Judicial Officer              Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF A COMPLAINT

Britton R. Baker, being first duly sworn, hereby states as follows:

1.   Your affiant is a Special Agent with the United States Secret

Service, Columbia Field Office, and has been employed in this

capacity since August 2004.  Your affiant's responsibilities include

the investigation of possible criminal violations relating to the

manufacture, possession and negotiation counterfeit securities of

private entities in violation of Title 18, United States Code, Section

513 and 1028.

2.   On 6/16/05 your affiant received a duty call from Special Agent

Jerry Merritt, SLED, in which he advised that a search warrant was

executed on Sharon Rivers' residence where counterfeit checks

were recovered.  The suspect was placed in custody and

transported to the SC State House.

3.   Your affiant, along with SA Bobby Kirby, responded to the SC State

House where SA Merritt, Officer D. Tracy and Officer M.P. Calhoun

of South Carolina Department of Public Safety, informed us of the

circumstances surrounding the arrest of the suspect.   Your affiant

and SA Kirby interviewed Sharon Rivers.  After being advised of

her Miranda rights, which she waived, Sharon Rivers provided a

sworn written statement identifying her and the other suspect's role

in the negotiation of numerous counterfeit checks.  Rivers admitted

to producing commercial checks using the Versa Check program on a computer and cashing the checks at various stores in the Columbia area. Rivers further stated that Orlando Harper would provide her with altered drivers licenses as well as names and addresses to use as payees for the checks. Rivers would take the information provided by Harper and print it on the checks. Rivers and Harper would then meet and travel to the businesses where they would cash these checks. Rivers indicated this scheme began in February, 2005 and they have been cashing two to three checks a week in the amount $500-$800 per check.

4.    On 06/16/05 a consensually monitored telephone call was made from Sharon Rivers to Orlando Harper. During the telephone call, Harper provided Rivers with the names and addresses to be placed on two counterfeit checks. They agreed that Rivers would pick Harper up at his residence and take him to the Wal-Mart, 10060 Two Notch Road Columbia, SC, where they would attempt to cash the commercial checks.

5.    Two counterfeit commercial checks were printed in the Columbia Field Office using the payee information provided by Harper. Both checks were drawn upon the Sara Lee Sock Company, 1347 Dunbarton Blvd. Barnwell., SC. One check was made payable to Kevin Liamone, the second made payable to Alberta Goodwin.

6.   Surveillance was conducted on Rivers and Harper on 6/16/05. A
body wire was placed on Rivers to record all conversation with
Harper. The surveillance revealed Rivers picking Harper up at his
residence. They then traveled to Wal-Mart where Harper was
observed by SA Kirby and SA Mcabee attempting to pass the
counterfeit check bearing the name Kevin Liamone with a driver's
license bearing the same name. Harper was then placed into
custody and transported to the Columbia Field Office.

7.   On 6/16/05 your affiant and SA Kirby interviewed Harper. After
being advised of his Miranda rights, which he waived, Harper
provided a sworn statement admitting to passing numerous
counterfeit checks. Harper further stated that since March 2005 he
and a black female he knows as "Shaun" (LNU) have been cashing
two to three checks a week in the amount of $500-$800 per check.
Harper stated that he would provide "Shaun" with the driver's
license numbers, addresses, and names to be used as the payees
on the checks. This information was derived from drivers' licenses
which he would alter. It should be noted that Harper's description
of "Shaun" matches Rivers.

8.   Based on the above facts, your affiant believes that probable cause
exists to show that Orlando Harper did attempt to pass an altered
check at a business using the identification card of another person
in violation of Title 18 U.S.C. 513 and 1028(7). Therefore, your

affiant requests that a warrant for the arrest of Orlando Harper be

issued by this honorable court for violation of Title 18 U.S.C. 513

(Counterfeiting and Forgery) and Title 18 U.S.C. 1028 (7) Fraud in

Connection with identification documents).


This affidavit and the facts therein, have been approved by AUSA Marshal

Prince, Columbia Division.




Britton Baker

*Britton R. Baker*

Special Agent
United States Secret Service

Subscribed to and sworn before me this __16__ day of ~~January, 2003.~~ JUNE, 2005


United States Magistrate Judge
JOSEPH R. MCCROREY / U. S. MAGISTRATE JUDGE
Columbia, SC

Approved by AUSA Marshal Prince

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA   DIVISION

UNITED STATES OF AMERICA

vs.

ORLANDO  HARPER

**ORDER**

CRIMINAL NO.   3:05- 643

      Pursuant to the Criminal Justice Act, 18 U.S.C. Section 3006A, and the Plan of the District approved thereunder on April 21, 1971 by the Judicial Council of the Fourth Circuit,

      **IT IS ORDERED** that the Federal Public Defender is appointed to represent the above named defendant.

_____
Joseph R. McCrorey
United States Magistrate Judge

June 17, 2005

Columbia, South Carolina

AO472 (Rev. 8/85) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
Columbia _____ DIVISION

UNITED STATES OF AMERICA

vs.

Orlando Harper

**ORDER OF DETENTION PENDING TRIAL**

Criminal No. 3:05-643

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts are established by clear and convincing evidence and require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant has been convicted of a (federal offense)(state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
   ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
   ☐ an offense for which the maximum sentence is life imprisonment or death.
   ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.[1]

   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings No. (1) and (2)(3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings**

☐ (1) There is probable cause to believe that the defendant has committed an offense
   ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.[2]
   ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings**

☐ (1) _____

☐ (2) _____

☐ (3) There is a serious risk that the defendant will flee.

☐ (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice)(threaten, injure, or intimidate a prospective witness or juror).

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information[3] submitted at the hearing establishes by clear and convincing evidence that

_Bond in companion case revoked_

_No bond_

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 6/17/05

Joseph R. McCrorey, U.S. Magistrate Judge

[1]Insert as applicable. (a) Controlled substances Act (21 U.S.C. §801 et seq.); (2) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of 9/15/80 (21 U.S.C. §955a).
[2]Insert as applicable. (a) Controlled substances Act (21 U.S.C. §801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of 9/15/80 (21 U.S.C. §955a).
[3]The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. §3142(f). See 18 U.S.C. §3742(g) for the factors to be taken into account

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA



## NOTICE OF HEARING

Please take notice that a proceeding in this case has been **SCHEDULED** as set forth below before the Honorable Joseph R. McCrorey, United States Magistrate Judge

## USA v. ORLANDO HARPER                      C/R 3:05-0643

PROCEEDING:     PRELIMINARY HEARING

DATE:           June 24, 2005

TIME:           9:30 A.M..

PLACE:          United States Courthouse
                901 Richland Street
                Columbia, SC        Courtroom 8

LARRY W. PROPES, CLERK

Theresa Tillman, Deputy Clerk
(803) 765-5421
Notices Distributed: June 20, 2005

*Effective November 1, 2004, the Clerk's Office will no longer notify criminal defendants and sureties of a hearing. The attorney who represents the defendant is responsible for notifying their client and their clients' sureties of all hearings.*

TO:    Honorable Joseph R. McCrorey, United States Magistrate Judge

       Orlando Harper  (custody)
       John Hare, AFPD
       Marshall Prince, AUSA
       U.S. Marshal
       U.S. Pretrial
       Schedule
       File

**A picture ID is required to enter the Courthouse**
**Pursuant to Local Rule 83.1.06, only Local Counsel is being served.**

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 3:05-643 (JRM) |
| | ) | |
| v. | ) | WAIVER OF PRELIMINARY |
| | ) | EXAMINATION |
| ORLANDO LUWILLIAM HARPER | ) | |

I, ORLANDO LUWILLIAM HARPER, having been informed of the nature of the complaint now pending against me, and having been advised of my right to a preliminary examination and the nature of the examination before a United States Magistrate, do hereby waive my right to a preliminary examination.

ORLANDO LUWILLIAM HARPER

Columbia, South Carolina

June 23, 2005

Witness:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. _____ |
| | ) | 18 U.S.C. § 513(a) |
| v. | ) | |
| | ) | |
| **ORLANDO L. HARPER** | ) | <u>INFORMATION</u> |

<u>COUNT 1</u>

THE ACTING UNITED STATES ATTORNEY CHARGES:

On or about June 16, 2005, in the District of South Carolina, **ORLANDO L. HARPER**, with intent to deceive Wal-Mart Corporation, 10060 Two Notch Road, Columbia, South Carolina, did make, utter and possess a counterfeit security, that is, a check purportedly drawn on Sara Lee Sock Company, an organization which operates in and the activities of which affect interstate commerce, payable to Kevin Liamone;

In violation of Title 18, United States Code, Section 513(a).

s/JONATHAN S. GASSER
JONATHAN S. GASSER (MP)
ACTING UNITED STATES ATTORNEY

1

# PENALTY

## 18 U.S.C. 513(a)

**FINE OF $250,000 (18 U.S.C. § 3571), AND/OR IMPRISONMENT FOR 10 YEARS AND A TERM OF SUPERVISED RELEASE OF 3 YEARS (18 U.S.C. § 3583), PLUS A SPECIAL ASSESSMENT of $100.00 (18 U.S.C. § 3013)**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 3:05-497 |
| | ) | CRIMINAL NO. _3:05-659_ |
| v. | ) | |
| | ) | |
| ORLANDO L. HARPER | ) | **PLEA AGREEMENT** |

AGREEMENT made this _27th_ day of June, 2005, between and among the

United States of America, as represented by Acting United States Attorney Jonathan

S. Gasser, Assistant United States Attorney Marshall Prince; the Defendant, **ORLANDO**

**L. HARPER**, and Defendant's Attorney, John H. Hare, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto

agree as follows:

1.     The Defendant, **ORLANDO L. HARPER**, agrees to plead guilty to Count 1

of the Indictment now pending, FED. R. CRIM. P. 11(a), which charges that from in or

about August 2002, through in or about August 2003, ORLANDO L. HARPER knowingly

did make, utter and possess counterfeit securities of organizations that operate in and

the activities of which affect interstate and foreign commerce with the intent to deceive

other persons, organizations, and governments, a violation of Title 18, United States

Code, Section 513(a) and Title 18, United States Code, Section 2. The elements of this

offense are:

One: The defendant possessed, passed, uttered, published, or sold
or attempted to pass, utter, publish, or sell ~~an obligation of the United~~
~~States~~. a Security     an organization ;

Two: At the time that the defendant possessed, passed, uttered,

-1-

published, or sold or attempted to pass, utter, publish or sell the obligation, the defendant knew that the obligation was falsely made, forged, counterfeit or altered; and

Three: The defendant acted with the intent to defraud.

2.    The Defendant, **ORLANDO L. HARPER**, agrees to waive Indictment, FED. R. CRIM. P. 7(b), and arraignment, FED. R. CRIM. P. 10 and agrees to plead guilty to an Information charging that on or about June 16, 2005,   **ORLANDO L. HARPER**, with intent to deceive Wal-Mart Corporation, 10060 Two Notch Road, Columbia, South Carolina, did make, utter and possess a counterfeit security, that is, a check purportedly drawn on Sara Lee Sock Company, an organization which operates in and the activities of which affect interstate commerce, payable to Kevin Liamone, in violation of Title 18, United States Code, Section 513(a), F.R. CRIM. P. 11.

The elements of this offense are:

One: The defendant possessed, passed, uttered, published, or sold or attempted to pass, utter, publish, or sell ~~an obligation of the United States~~; a security an organization

JH
O.H

Two: At the time that the defendant possessed, passed, uttered, published, or sold or attempted to pass, utter, publish or sell the obligation, the defendant knew that the obligation was falsely made, forged, counterfeit or altered; and

Three: The defendant acted with the intent to defraud.

3.    The Defendant,   **ORLANDO L. HARPER**  , agrees to consent to the commencement of a presentence investigation immediately, FED. R. CRIM. P. 32(c).

4.    The Defendant, **ORLANDO L. HARPER**, agrees to pay restitution in an amount to be determined by the Court, to all persons and entities directly and

proximately harmed as a result of the Defendant's conduct in the course of the charged

scheme, as provided in Title 18, United States Code, Section 3663A.

5.      The Defendant, **ORLANDO L. HARPER**, understands that in addition to

any fines that the Court may impose, the Court will assess $100.00 for each felony

count to which he pleads guilty. The Defendant agrees to pay the special assessment

by certified check or money order and to deliver the special assessment, on the day the

Defendant executes this Plea Agreement, to the Clerk, U.S. District Court, in

compliance with the Statement of Special Assessment Amount attached hereto. The

Defendant further agrees that any monetary penalty that the Court imposes, including

the special assessment, fine, costs or restitution, is due immediately unless otherwise

stated by the Court. The Defendant further agrees to submit a fully completed Financial

Statement of Debtor form as requested by the United States Attorney's Office. The

Defendant further agrees that failure to pay the special assessment at the time of the

entry of the guilty plea may result in the obligations of the Attorneys for the Government

within this agreement becoming null and void. The Defendant understands that any

monetary penalty imposed is not dischargeable in bankruptcy. The Defendant further

understands that if he fails to pay the special assessment, this unpaid debt will be

turned over to the collections division within the U.S. Attorney's Office for collection, 18

U.S.C. § 3013.

6.      The Defendant, **ORLANDO L. HARPER**, agrees to enter into the Bureau

of Prisons Inmate Financial Responsibility Program if sentenced to a term of

incarceration. The Defendant agrees that any monetary penalty the court imposes,

-3-

including the special assessment, fines, costs, or restitution, will be paid through participation in this program.

7.     The Defendant, **ORLANDO L. HARPER** , agrees to be fully truthful and forthright with the United States Attorney's Office for the District of South Carolina and federal law enforcement agents in their investigation of the manufacture and distribution of counterfeit securities of organizations and other unlawful activities, to include, but not limited to, truthful and complete debriefings of the Defendant's knowledge concerning the manufacture and distribution of counterfeit securities of organizations and other unlawful activities. Also, the Defendant understands that he must fully disclose and provide truthful information to the Attorneys for the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Attorneys for the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Attorneys for the Government, cause the obligations of the Attorneys for the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Attorneys for the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that: (1) the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above; (2) any and all additional charges known to the Attorneys for the Government may be filed in the appropriate district; (3) the Attorneys for the Government may argue for a maximum sentence for the offense to

-4-

which the Defendant has pleaded guilty; and (4) the Attorneys for the Government may use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

8.      The Defendant,    **ORLANDO L. HARPER**   , agrees to submit to such polygraph examinations as may be requested by the Attorneys for the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Attorneys for the Government. Defendant,      **ORLANDO L. HARPER** , further agrees that his failure to pass any such polygraph examination to the Government's satisfaction will result, at Government's sole discretion, in the obligations of the Attorneys for the Government within the Agreement becoming null and void.

9.      The Attorneys for the Government agree that any self-incriminating information provided by the Defendant,    **ORLANDO L. HARPER** , as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant,    **ORLANDO L. HARPER** , in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines.  The provisions of this paragraph shall not be applied to restrict any such information:

(A) known to the Attorneys for the Government prior to the date of this Agreement;

(B) concerning the existence of prior convictions and sentences in determining § 4B1.1 (career offender);

(C) in a prosecution for perjury or giving a false statement; or

(D) in the event there is a breach of the cooperation provisions of this Plea Agreement. § 1B1.8, United States Sentencing Commission Guidelines.

10.    Provided the Defendant, **ORLANDO L. HARPER**, cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by Attorneys for the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Attorneys for the Government agree to move the Court to depart from the United States Sentencing Commission Guidelines, pursuant to §5K1.1 of those Guidelines, and Title 18, United States Code, Section 3553(e), and/or move the Court for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The Defendant,          **ORLANDO L. HARPER**, further understands that any such motions by the Attorneys for the Government are not binding upon the Court, and should the Court sentence the Defendant within the Guidelines, to the maximum penalty prescribed by law or refuse to reduce the sentence imposed, the Defendant will have no right to withdraw his plea.

11.    The Defendant, **ORLANDO L. HARPER** , understands that the matter of sentencing is within the sole discretion of the Court, and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the Court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Attorneys for the Government, or the

-6-

United States Probation Office is only a prediction, not a promise, and is not binding on the Attorneys for the Government, the Probation Office or the Court. The Defendant further understands that the Attorneys for the Government retain the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant, and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea, FED.R.CRIM.P. 11(b)(3).

12.    The Attorneys for the Government agree to advise the sentencing Court of the extent and value of the Defendant's cooperation if called upon to do so by the Defendant, **ORLANDO L. HARPER.**

13.    The Defendant, **ORLANDO L. HARPER**, understands that the obligations of the Attorneys for the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

14.    The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether

-7-

made prior to, contemporaneous with or after this Agreement, are null and void.

_____6/27/05_____
DATE

ORLANDO L. HARPER, Defendant

_____6/27/05_____
DATE

JOHN H. HARE
Attorney for the Defendant

JONATHAN S. GASSER
ACTING UNITED STATES ATTORNEY

_____6/27/05_____
DATE

By: _____
MARSHALL PRINCE
Assistant U. S. Attorney

_SUPPLEMENTAL PARAGRAPH:_

The Attorneys for the Government agree not to prosecute the Defendant, ORLANDO L. HARPER, for other offenses committed in the District of South Carolina prior to June 16, 2005, which are the same or similar character as those cited herein, with the understanding by the Defendant that no limitation shall be placed upon the court's consideration of the information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence, and such other offenses may be considered as relevant conduct pursuant to Section 1.B1.3 of the advisory United States Sentencing Commission Guidelines. OH

JH

-8-

AO455 Waiver of Indictment

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

UNITED STATES OF AMERICA

**WAIVER OF INDICTMENT**

V.

ORLANDO L. HARPER

Case Number: 3: 05 - 654

I, ORLANDO L. HARPER, the above named defendant, who is accused of violating Title 18 of the U.S. Code, Section 513(a), being advised of the nature of the charge(s), the proposed information, and of my rights, hereby waive in open court on JUNE 27, 2005, prosecution by indictment and consent that the proceeding may be by information rather than by indictment.

_____
Defendant

_____
Counsel for Defendant

Before The Honorable MATTHEW J. PERRY, JR.
       Judicial Officer

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION


UNITED STATES OF AMERICA

VS                                          CR NO.  05 - 659

ORLANDO L. HARPER


## PLEA


The defendant, **ORLANDO L. HARPER**, pleads **GUILTY** to the **INFORMATION**

after arraignment in open court.


_(Signed) Defendant_


COLUMBIA, South Carolina
June 27, 2005

AO 245B (SCD Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## District of South Carolina

UNITED STATES OF AMERICA

vs.

ORLANDO L. HARPER

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: <u>3:05-659</u> (001)

US Marshal's Number: <u>12981-171</u>

<u>JOHN HARE, AFPD</u>
Defendant's Attorney

**THE DEFENDANT:**

- ■ pleaded guilty to count <u>ONE OF THE INFORMATION</u> on <u>6/27/05</u>
- ☐ pleaded nolo contendere to count(s) on which was accepted by the court.
- ☐ was found guilty on count(s) on after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:513(a) | Please see information | 6/16/05 | one |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s)
- ☐ Count(s) ☐ is ☐are  dismissed on the motion of the United States.
- ☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court or United States attorney of any material change in the defendant's economic circumstances.

9/7/05
Date of Imposition of Judgment

S/ Matthew J. Perry, Jr.
Signature of Judicial Officer

Matthew J. Perry, Jr., Sr., U.S. District Judge
Name and Title of Judicial Officer

September 12, 2005
Date

AO 245B (SCD Rev. 12/03) Judgment in a Criminal Case
Sheet 2 - Imprisonment

DEFENDANT: ORLANDO L. HARPER
CASE NUMBER: 3:05-659 (001)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 15 months . This sentence consists of 15 months as to CR 3:05-497 and 15 months as to CR 3:05-659 to run concurrently.

■    The court makes the following recommendations to the Bureau of Prisons: that the defendant participate in the Intensive Drug Treatment program while incarcerated.

■    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐ at a.m./p.m. on.

    ☐ as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy United States Marshal

AO 245B (SCD Rev. 12/03) Judgment in a Criminal Case
    Sheet 3 - Supervised Release

DEFENDANT: ORLANDO L. HARPER
CASE NUMBER: 3:05-659 (001)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years. This consists of 3 years as to CR 3:05-497 and 3 years as to Cr 3:05-659 to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable)

☐ The defendant shall cooperate in the collection of DNA as directed by the Probation Office. (Check, if applicable)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the Probation Office. (Check, if applicable)

☐ The defendant shall participate in an approved rehabilitation program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions: **1) The defendant shall participate in a substance abuse treatment program, to include drug testing, as approved by the United States Probation Office.**

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (SCD Rev. 12/03) Judgment in a Criminal Case
    Sheet 5, Part A - Criminal Monetary Penalties

DEFENDANT: ORLANDO L. HARPER
CASE NUMBER: 3:05-659 (001)

## CRIMINAL MONETARY PENALTIES

> The defendant will make all checks and money orders
> payable to the "**Clerk, U.S. District Court**" unless otherwise directed by the court.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|            | Assessment   | Fine   | Restitution |
|------------|--------------|--------|-------------|
| **Totals:** | $ 100.00     | $ na   | $ na        |

**THE COURT HAS FOUND THE DEFENDANT DESTITUTE AND ORDERS THAT PAYMENT OF THE SPECIAL ASSESSMENT IS NOT REQUIRED.**

☐ The determination of restitution is deferred until  An *Amended Judgment in a Criminal Case* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed on the next page.

　　If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified in the priority order or percentage payment column on the next page. However, pursuant to 18 U.S.C. § 3664(8), all nonfederal victims must be paid in full prior to the United States receiving payment.

**SEE VICTIM(S) LIST ON THE NEXT PAGE**

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . . $

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐　The interest requirement is waived for the ☐ fine and/or ☐ restitution.

　　☐　The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (SCD Rev. 12/03) Judgment in a Criminal Case
Sheet 5 Part B - Criminal Monetary Penalties

DEFENDANT: ORLANDO L. HARPER
CASE NUMBER: 3:05-659 (001)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A. ■    NO PAYMENT IS DUE.

　　☐  not later than , or

　　☐  in accordance with  ☐ C,  ☐ D, or  ☐ E below; or

B. ☐    Payments to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ E below); or

C. ☐    Payments in (e.g., equal, weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence after the date of this judgment; or

D. ☐    Payments in (e.g., equal, weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ☐    Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F. ☐    Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court.

The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

　　Defendant and Co-Defendant names and case numbers (including defendant number), total amount, joint and several amount, and corresponding payee, if applicable.



☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):
☐  The defendant shall forfeit the defendant's interest in property as directed in the Preliminary Order of Forfeiture, filed _____ and the said order is incorporated herein as part of this judgment:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.